UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BLAKE HARWOOD<br><br>Plaintiff<br><br>v.<br><br>CITY OF WATERVILLE,<br>JOSEPH MASSEY,<br>BRIAN GARDINER, and<br>ADAM SIROIS<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action Docket No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants City of Waterville, Joseph Massey, Brian Gardiner and Adam Sirois ("Defendants") and answers Plaintiff's Complaint as follows:

**I. PRELIMINARY STATEMENT**

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

**II. PARTIES**

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit that Joseph Massey was the Chief of Police.  The remaining allegations contained in paragraph 4 of the complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

### III. JURISDICATION

8. The allegations contained in paragraph 8 of the complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 8 of the complaint.

### IV. STATEMENT OF FACTS

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. The allegations contained in paragraph 12 of the Complaint are not against these Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint are not against these Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint are not against these Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 19 of the complaint.

20. The allegations contained in paragraph 20 of the Complaint are not against these Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Defendants admit that they arrived in uniform and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 21 of the Complaint and therefore deny the same.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

## V.  CLAIMS FOR RELIEF

### COUNT ONE
### FALSE ARREST

*(Pursuant to 42 U.S.C. § 1983 and Fourth Amendment of U.S. Constitution and 5 M.R.S. § 4682 and Article 1 § 5 of the State of Maine Constitution)*

30.    Defendants repeat and reallege their responses contained in paragraphs 1 through 29 herein.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

### COUNT TWO
### EXCESSIVE FORCE

*(Pursuant to 42 U.S.C. § 1983 and Fourth Amendment of U.S. Constitution and 5 M.R.S. § 4682 and Article 1 § 5 of the State of Maine Constitution)*

34.    Defendants repeat and reallege their responses contained in paragraphs 1 through 33 herein.

35.    Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in paragraph 38 of the Complaint.

### COUNT THREE
### MALICIOUS PROSECUTION

*(Pursuant to 42 U.S.C. § 1983 and Fourth Amendment of U.S. Constitution and Common Law of the State of Maine*

39.    Defendants repeat and reallege their responses contained in paragraphs 1 through 38 herein.

40.    Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

## VI.  REQUEST FOR RELIEF

43. WHEREFORE, Defendants demand judgment in their favor, plus costs of suit.

## **AFFIRMATIVE DEFENSES**

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Plaintiff has failed to mitigate his own damages.

5. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

10. Any action taken by these Defendants was based upon probable cause.

11. Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiff's damages.

12. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

13. No clearly established rights of Plaintiff were violated by Defendants' actions.

14. The amount of force used by these Defendants was objectively reasonable in light of the facts and circumstances surrounding the incident.

15. The amount of force used, if any, by these Defendants was only that amount which these Defendants subjectively believed was reasonable and necessary under the circumstances.

16. Plaintiff's claim is barred by the doctrine of estoppel and/or preclusion.

17. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom.

18. Defendants affirmatively defend by stating that no supervisory liability claim can lie in the absence of a violation of Plaintiff's rights by an officer that is observed by a supervisory officer who had a reasonable opportunity to intervene and stop such violation but failed to do so.

Dated at Portland, Maine this 26th day of January, 2016.

    */s/ Edward R. Benjamin, Jr.*
    Edward R. Benjamin, Jr.

    */s/ Kasia S. Park*
    Kasia S. Park

    Attorneys for Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., attorney for Defendants, hereby certify that on January 26, 2016, I electronically filed Defendants Answer to Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system.

*/s/ Edward R. Benjamin, Jr.*
Edward R. Benjamin, Jr.
Attorney for Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com

0